# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MOSES MARVIN KEITH MIKE | ) | |
| | ) | |
| v. | ) | Case No. CV414-162 |
| | ) | (underlying CR413-005) |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Moses Mike moves *pro se* to vacate his sentence for possession of a firearm by a convicted felon. Doc. 37;[1] 28 U.S.C. § 2255. He claims that (1) the Court improperly applied an Armed Career Criminal Act (ACCA) enhancement to his sentence; and (2) that his trial counsel provided ineffective assistance by not raising that issue at sentencing or on direct appeal. Doc. 37 at 14-15. Both claims fail.

## I. BACKGROUND

On March 29, 2007, Mike pled guilty in state court to two counts, contained in separate indictments, of distribution of cocaine in violation of O.C.G.A. § 16-13-30(b). Doc. 43-1 at 5; doc. 43-2 at 5. One count covered a sale on August 11, 2006, the other on August 16, 2006. Doc.

---

[1] All record citations are to the criminal docket unless otherwise noted. Page numbers cited are those assigned by the Court's docketing software.

43-1 at 2; doc. 43-2 at 2. Each count exposed Mike to a "term of imprisonment of ten years or more" because of a previous conviction for selling cocaine. 18 U.S.C. § 924(e)(2)(A)(ii); *see also* O.C.G.A. § 16-13-30(d) (second or subsequent offenses require "imprisonment for not less than ten years"); doc. 43-1 at 2; doc. 43-2 at 2.

The record is silent but Mike evidently was released in time to get himself into more trouble in 2013, when he faced a federal indictment for possession of a firearm by a convicted felon and possession with intent to distribute marijuana. Doc. 1. The penalty certification informed Mike that, because of his three previous state convictions, the ACCA required imprisonment of "not less than fifteen (15) years" for each of the felon-in-possession counts should he be convicted. Doc. 2. On April 5, 2013, Mike nevertheless pled guilty to those two charges. Docs. 25 & 32.

At the plea hearing, the Court twice advised Mike that he faced a mandatory minimum of fifteen years because of the ACCA enhancement. *See* doc. 42 at 14. He also filed no objections to the presentencing investigation report (PSI), which included the ACCA enhancement, and raised no objections at his sentencing hearing. Doc. 39 at 4. A week after sentencing, Mike's attorney, Joshua Lowther, filed the Post-

Conviction Consultation Certification (Notice), executed by counsel and Mike, which indicated that counsel advised him of his appellate rights and that he declined to appeal. *See* doc. 35. Because he took no appeal, his his conviction became final on September 3, 2013, and he timely filed the present motion on July 31, 2014. Doc. 37.

## II. ANALYSIS

Mike asserts that the Court improperly applied an ACCA enhancement to his sentence because the State of Georgia "consolidate[ed]" his two August 2006 convictions. Doc. 37 at 14. Hence, he lacked the three predicate convictions necessary for enhancement. Because he failed to raise this issue on appeal -- and because he shows no cause for that failure -- he cannot now raise it here.

As recently explained:

> The general rule of thumb is that claims which could have been raised on direct appeal may not be pursued in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." (internal quotation marks and citation omitted)), *cert. denied*, ___ U.S. ___, 133 S.Ct. 112, 184 L.Ed.2d 52 (2012). Indeed, in those cases where the defendant pleads guilty, it is clear that "'a defendant must assert an available challenge to a sentence on

3

> direct appeal or be barred from raising the challenge in a section 2255 proceeding.'" *Berry v. United States*, 2010 WL 883445, *3 (M.D.Fla. Mar. 5, 2010) (quoting *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir.1989)), *aff'd*, 468 Fed.Appx. 924 (11th Cir. Mar. 22, 2012); *cf. Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge ... [unless the petitioner shows] both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."), *cert. denied*, 543 U.S. 1080, 125 S.Ct. 942, 160 L.Ed.2d 824 (2005). Defaulted claims are barred from collateral review unless the moving party is able to demonstrate cause and prejudice or that he is actually innocent of the crimes underlying his sentences. *Bousley v. United States*, 523 U.S. 614, 622 & 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998).

*Robinson v. United States*, 2015 WL 3716146 at *7 (S.D. Ala. June 15, 2015) (footnote omitted).

Mike asserts ineffective assistance of counsel ("IAC"), which can constitute cause for a procedural default. *See Toole v. McDonough*, 379 F. App'x 883, 884-85 (11th Cir. 2010) (IAC claims can "serve as cause to excuse the procedural default of another habeas claim") (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). He contends that Lowther failed to raise the ACCA issue at sentencing, or on the direct appeal that never happened, and so provided ineffective assistance. Doc. 37 at 15. But like Mike's ACCA claim, his IAC claim is dead on arrival.

4

Such claims are governed by the two-part framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mike must plead and show: (1) that his attorney's performance was deficient; and (2) that his attorney's deficient performance prejudiced him. *Id.* at 687. To show deficient performance, Mike must establish that, "in light of all the circumstances, [counsel's conduct] was outside the wide range of professional competence." *Putnam v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). He also "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [sentencing] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Failing to make meritless arguments, however, cannot result in prejudice (the theory being that such arguments can't win and thus their absence can't disadvantage litigants). *See Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (citing *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992)).

Mike's ACCA argument is nothing if not meritless. The ACCA mandates a fifteen year mandatory minimum sentence for felons who

possess firearms and have three previous convictions for "serious drug offenses" committed on separate occasions. 18 U.S.C. § 924(e)(1); *United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995) (offenses must be "committed on occasions different from one another" to qualify as predicates under the ACCA). A "serious drug offense" is one involving distribution or possession of a controlled substance for which the maximum term of imprisonment is ten or more years. 18 U.S.C. § 924(e)(2)(A)(ii).

Mike's August 2006 convictions under O.C.G.A. § 16-13-30 each qualify.[2] The state indictments charged that Mike illegally sold cocaine (a controlled substance). Doc. 43-1 at 2; doc. 43-2 at 2. His guilty pleas evidence his convictions. Doc. 43-1 at 5; doc. 43-2 at 5. And, since they were each "second or subsequent" convictions, they required a minimum sentence of at least ten years, O.C.G.A. § 16-13-30(d), and were thus "serious drug offenses" for purposes of the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii).

Mike argues that his "state guilty pleas were based upon the consolidation of both indictments." Doc. 37 at 14. That, he says, means

---

[2] Mike does not challenge his third predicate conviction, which, like the August 2006 convictions, was also for sale of cocaine. Doc. 39 at 4.

he has only one "serious drug offense" conviction for ACCA purposes. *Id.* Not so. Under the ACCA, predicate convictions must relate to "temporally distinct" offenses. *Jackson*, 57 F.3d at 1018. Whether charged in one indictment or many, offenses like Mike's -- committed five days apart, *see* doc. 42-1 at 2; doc. 42-2 at 2 -- remain within the ACCA's purview. *Jackson*, 57 F.3d at 1018 (one guilty plea covering indictment with five separate robbery counts qualified as five predicate offenses under the ACCA); *id.* ("[Section] 924(e) does not require separate indictments; the final conviction under section 922(g) must merely be preceded by three convictions for *crimes* that are temporally distinct.") (quotes omitted).

Lowther's "failure" to raise the indictment consolidation issue at sentencing or on appeal (which, again, never occurred because Mike affirmatively declined to appeal, *see* doc. 35) cannot constitute deficient performance or cause prejudice because, as discussed above, that argument is meritless. *See Winfield*, 960 F.2d at 974. Because Mike's IAC claim fails, his ACCA claim remains procedurally defaulted (not to mention good-for-naught).

Mike's § 2255 motion therefore should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1).

**SO REPORTED AND RECOMMENDED,** this 30Th day of July, 2015.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**